## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GREGORY K. HILL,**
**Claimant Below, Petitioner**

**FILED**
July 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1479** (BOR Appeal No. 2045712)
(Claim No. 2010104687)

**ICL PERFORMANCE PRODUCTS LP,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Gregory K. Hill, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. ICL Performance Products, LP, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 11, 2011, in which the Board affirmed a February 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 27, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hill was employed as a laborer for ICL Performance Products, LP on August 26, 2009, when he was using a large wrench that slipped and hit his groin area. Mr. Hill's claim was found compensable for groin contusion. Mr. Hill sought to add Peyronie's disease as a compensable condition, but the request was denied by the claims administrator. Dr. Drago Montague found that Mr. Hill suffers from scarring of the tunica albuginea and recommended an implant to alleviate any deformity. On October 27, 2010, the claims administrator denied Mr. Hill's request for an implant. Mr. Hill appealed.

Mr. Hill argues that he does not have Peyronie's disease and that he did not suffer from the condition for which he now seeks treatment prior to the compensable injury on August 26,

1

2009. ICL Performance Products, LP argues that a clear preponderance of the evidence of record establishes that the requested implant is neither necessary nor reasonable treatment for Mr. Hill's compensable injury.

On September 1, 2009, Dr. Mel P. Simon opined that Mr. Hill's condition is coincidental to the accident and that his problems are the result of Peyronie's disease. On October 16, 2009, Dr. M. Erdil concluded that Mr. Hill's symptoms are not causally related to his compensable injury, but most likely caused by Mr. Hill's age and diabetes.

The Office of Judges determined that the evidence of record was not persuasive to establish the medical necessity or reasonableness for Mr. Hill receiving an implant because there was no causal connection between the requested procedure and the compensable injury. The Office of Judges attributed Mr. Hill's current symptoms to Peyronie's disease, which is not a compensable condition. The Board of Review reached the same reasoned decision. We agree with the reasoning and conclusion of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II